974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William M. WALKER, Plaintiff-Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY, OKLAHOMA,
Defendant-Appellee.
 No. 92-7017.
 United States Court of Appeals, Tenth Circuit.
 Aug. 17, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this panel. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order dismissing a § 1983 complaint for failure to state a claim. The plaintiff, a property owner against whom foreclosure proceedings were commenced in state court, filed this action against the Board of County Commissioners alleging a county court clerk followed a "custom and policy of the office" which deprived the plaintiff of his lawful share of the proceeds of foreclosure. This is the second action filed by plaintiff over these same facts.
 
 
 3
 Prior to this case, plaintiff filed an identical action in state court which was dismissed for failure to state a claim. That dismissal was affirmed by the Oklahoma Supreme Court.
 
 
 4
 The United States District Court for the Eastern District of Oklahoma held plaintiff failed to assert a federal basis for his action and the defendant Board was immune under Harlow v. Fitzgerald, 457 U.S. 800 (1982). The district court did not consider whether issue preclusion should be applied to the complaint.
 
 
 5
 In a brief which refers in conclusory fashion to principles of state law without attempting to fix those principles in the framework of federal civil rights law, plaintiff asserts the district court's ruling was erroneous. Plaintiff fails, however, to articulate a premise upon which his § 1983 action was founded, save a conclusory, unsupported statement that the court clerk's actions were without due process.
 
 
 6
 Plaintiff's premise for the entire action is that the court clerk acted prematurely by not waiting for the expiration of the ten-day period mandated by the Oklahoma Rules of Appellate Procedure for the filing of a motion for stay or posting of a supersedeas bond. Plaintiff's contention that the ten days constitutes an "automatic stay" within which proceeds of foreclosure cannot be paid over is unsupported. Nevertheless, even if such were the case, plaintiff cites no authority which holds an erroneous or improper application of state procedure results in a violation of federal law cognizable in a § 1983 proceeding.
 
 
 7
 We are not here concerned with principles of state law. Inasmuch as plaintiff has chosen a federal forum to litigate his dispute, he is responsible for asserting a cognizable federal claim. The complaint filed in this case fails to assert that "custom and policy" followed by the court clerk in some way violates federal law or the United States Constitution. More importantly, the complaint does not allege the custom and policy was enacted by or adhered to by the Board of County Commissioners. Indeed, the complaint does not even aver that the court clerk was subject to the authority and control of the Board. Thus, the complaint failed to assert that the county commissioners, who apparently took no personal action in this case, have deprived him of a right protected by federal law or the federal constitution. 42 U.S.C. § 1983.[1] This default in plaintiff's theory was correctly analyzed by the district court.
 
 
 8
 Whether the court clerk or the defendant is immune is really irrelevant. Even though there is no reason to disagree with the district court that the actions of the clerk are immunized, plaintiff fails to explain how or why the Board of County Commissioners is liable for her acts.
 
 
 9
 Although tempted, we eschew this opportunity to educate plaintiff's counsel on the simple points of federal civil rights law, the inapplicability of the doctrine of respondeat superior, and the defense of immunity. Suffice that we agree with the conclusion of the district court that the complaint fails to state a claim for relief.
 
 
 10
 The judgment is AFFIRMED, and this matter is REMANDED for the consideration of whether attorney fees and sanctions should be ordered pursuant to 28 U.S.C. § 1988 and Fed.R.Civ.P. 11.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although the caption of the plaintiff's brief in this court baldly includes the court clerk as a defendant, the complaint did not include her, and the appendix contains no indication she was ever properly joined as a party